IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | 3:13-CR-26-M |
| | § | |
| JESUS VELASQUEZ (01) | § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Maria Garcia's *Petition for Return of Property*, filed April 25, 2014[1] [Doc. 389]. In it, she asserts that she is the lawful owner of the 2008 Jeep Commander, VIN 1J8HG48K98C145584 ("the Jeep") that is the subject of Court's *Preliminary Order of Forfeiture*, dated December 5, 2013 [Doc. 302]. An evidentiary hearing was held on May 29, 2014. Based on the evidence presented at the hearing, the pleadings and the applicable law, it is recommended that the petition be **DENIED**.

The United States is entitled to forfeiture of any property constituting or derived from the proceeds of certain illegal activity. 21 U.S.C § 853(a). Section 853(n) provides a procedure for third parties to assert a legal interest in forfeited property and to petition the court to amend or set aside the forfeiture. To successfully challenge a forfeiture, the third-party petitioner must show by a preponderance of evidence that:

> A)  the petitioner has a legal right, title, or interest in the property, and such right, title or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

---

[1] Although 21 U.S.C. 853(n) provides that a third-party's petition asserting interest must be filed within 30 days of the preliminary order of forfeiture, the Court granted Garcia until May 9, 2014 to file her petition [Doc. 384]. Thus, Garcia's petition was timely filed.

> B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under [section 853].

21 U.S.C. § 853(n)(6).

Here, Petitioner asserts that the forfeiture should be set aside because she is the legal owner of the Jeep. As evidence, she produced a copy of the Motor Vehicle Retail Installment Sales Contract identifying her as the purchaser of the Jeep. She also testified that she purchased the Jeep for her son, Defendant Jesus Valesquez, so that he could transport her to medical appointments whenever necessary. She admitted, however, that she has never driven the Jeep; has never had a driver's license and does not know how to drive; the Jeep is primarily kept by Defendant Jesus Valesquez at his residence; and she bought the Jeep for her son to drive.

In rebuttal, the government presented credible evidence that, although the Jeep is in Ms. Garcia's name, Defendant Jesus Valesquez actually paid the note; the Motor Vehicle Retail Installment Sales Contract lists the purchaser's address as that of Defendant Jesus Vasquez and the Jeep is also registered to his address; the Jeep was primarily driven by Defendant Jesus Valesquez and kept at his residence, which is almost 20 miles from Ms. Garcia's home; and Defendant Jesus Valesquez used the vehicle to transport controlled substances and monetary proceeds from the sale of the same.

Based on these facts, the Court finds that Petitioner has failed to prove that she exercised dominion and control over the vehicle. Thus, she cannot prevent the forfeiture of the Jeep. *See United States v. One 1978 Piper Navajo PA-31 Aircraft,* 748 F.2d 316, 319 (5th Cir. 1984) (noting that bare legal title by one who does not exercise dominion and control over the property

is insufficient to establish an ownership interest sufficient to avoid forfeiture); *Com. v. One 1986 Volkswagen GTI Auto.*, 630 N.E.2d 270, 274 (Mass. 1994) (person with only a financial stake in an automobile does not possess a sufficient ownership interest to contest its forfeiture unless the person also exercises dominion and control over the vehicle.); *United States v. One 1971 Porshe Coupe,* 364 F.Supp. 745, 748 (E.D. Pa 1973) (forfeited vehicle's owner of record was only a nominal owner not entitled to relief from forfeiture because he had made a gift of the vehicle to his son, and the son had "sole possession and exercised dominion and control over it").

Accordingly, Petitioner Maria Garcia's *Petition for Return of Property* [Doc. 389] should be DENIED.

SO RECOMMENDED May 30, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE